Cite as: 555 U. S. \_\_\_\_ (2008)  1

# SUPREME COURT OF THE UNITED STATES

### PATRICK MARLOWE *v.* UNITED STATES

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 07–1390.  Decided October 14, 2008

The petition for a writ of certiorari is denied.

JUSTICE SCALIA, dissenting from the denial of certiorari.

Patrick Marlowe was a prison guard whose failure to provide needed medical care caused a prisoner's death. He was convicted of deprivation of constitutional rights in violation of 18 U. S. C. §242. Under the then-applicable Sentencing Guidelines, the recommended sentence for civil rights violations was calculated using the base offense level of the crime underlying the civil rights violation. Since Marlowe's jury had not been asked to determine his mental state in connection with the death, the facts resolved by the jury verdict convicted him of no more than involuntary manslaughter through criminal negligence. The base offense level for that crime was 10, which, under the other circumstances of Marlowe's offense, would have produced a recommended sentence of 51 to 63 months. United States Sentencing Commission, Guidelines Manual §2A1.4 (Nov. 2002). The District Judge, however, determined that Marlowe had possessed the "malice aforethought" required for second-degree murder, which increased the base offense level from 10 to 33, producing a Guidelines-recommended sentence of life. The District Judge sentenced Marlowe to life in prison.

On appeal, the Sixth Circuit applied a presumption of reasonableness to the sentence[1] because, in light of the

_____

[1] For the reasons set forth in my separate opinion in *Rita* v. *United States*, 551 U. S. \_\_\_, \_\_\_ (2007), I believe that it is improper for courts to review for substantive reasonableness sentences that are within the

judge-found fact that Marlowe had possessed the state of mind required for second-degree murder, the sentence was consistent with the Guidelines. *United States* v. *Conatser*, 514 F. 3d 508, 526–527 (2008).[2] In other words, the Sixth Circuit found the life sentence lawful solely because of the judge-found fact that Marlowe had acted with malice aforethought. This falls short of what we have held the right to trial by jury demands: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States* v. *Booker*, 543 U. S. 220, 244 (2005).

I would grant the petition for certiorari, so that we may either forthrightly apply *Booker* or announce that the case is overruled.

---

statutory limits. I give *stare decisis* effect, however, to the Court's contrary holding in that case.

[2] Only one of the three-judge panel said that she would have upheld the sentence as reasonable even if it had been calculated as an upward departure from the Guidelines-recommended sentence. 514 F. 3d, at 528–532 (Moore, J., concurring in part and concurring in judgment). If substantive reasonableness review has any meaning, I doubt that a life sentence for negligent homicide could be sustained.